UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARL JOHNSON,

    Petitioner,

v.                                CASE NO. 6:13-cv-1287-Orl-31KRS
                                    (6:05-cr-114-Orl-31KRS)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on the amended motion to vacate, set aside, or correct an illegal sentence filed by Carl Johnson pursuant to 28 U.S.C. § 2255 (Doc. No. 7). The Government filed a response (Doc. No. 10) to the amended section 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 12). For the reasons set forth below, the motion will be denied.

                **I.**      **PROCEDURAL BACKGROUND**

Petitioner was charged by indictment with possession with intent to distribute 50 grams or more of cocaine base (Criminal Case 6:05-cr-114-Orl-31KRS, Doc. No. 1).[1] Petitioner pled guilty to the charge at a plea hearing conducted by United States Magistrate Judge Karla R. Spaulding, who subsequently entered a Report and

---

[1] Criminal Case No. 6:05-cr-114-Orl-31KRS will be referred to as "Criminal Case."

Recommendation Concerning Plea of Guilty (Criminal Case Doc. No. 26). Magistrate Judge Spaulding recommended that the guilty plea be accepted and that Petitioner be adjudged guilty and have sentence imposed accordingly. The Court then entered an Acceptance of Plea of Guilty and Adjudication of Guilt in which 1) the report and recommendation was accepted; and 2) Petitioner was adjudicated guilty of the offense (Criminal Case Doc. No. 30). On August 16, 2006, the Court entered a Judgment In A Criminal Case, sentencing Petitioner to imprisonment for a term of 192 months (Criminal Case Doc. No. 34). Petitioner filed a direct appeal with the Eleventh Circuit Court of Appeals, which affirmed in a written, unpublished opinion on February 23, 2007 (Criminal Case Doc. No. 43). The mandate issued on March 26, 2007.

## II.   LEGAL STANDARDS

A motion under section 2255 must be filed within one-year from the latest of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

### III. ANALYSIS

Petitioner's motion is subject to dismissal because it was not timely filed under the one-year period of limitation set forth in section 2255. In the present case, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence on February 23, 2007. Petitioner then had 90 days to petition the United States Supreme Court for certiorari. *See* Sup. Ct. R. 13 (the 90-day period runs from the date of the entry of the judgment and not from the issuance date of the mandate). Petitioner did not do so, and the judgment of conviction became final on May 24, 2007. Consequently, Petitioner had until May 24, 2008, to file a section 2255 motion in this case. The initial section 2255 motion was filed in this case on August 15, 2013.[2]

Petitioner argues that the period of limitation in this case actually began "within one year of the Eleventh Circuit Court of Appeals' decision in *Spencer v. United States* (2013)."[3] *See* Doc. No. 12 at 2-3. Petitioner explains that the decision in *Spencer* "held that an unsuccessfully raised Career Offender issue at both sentencing and on direct appeal, could use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue because an intervening case from the United States Supreme Court validated his argument and applied retroactively." *See* Doc. No. 7 at 5.

---

[2]This is the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

[3]*Spencer v. United States*, 727 F.3d 1076 (11th Cir. 2013) ("*Spencer I*").

3

The Court notes that the Eleventh Circuit Court of Appeals vacated the panel opinion in *Spencer* I and reheard the appeal *en banc*. The Eleventh Circuit Court of Appeals then entered an *en banc* opinion on November 14, 2014: S*pencer v. United States*, No. 10-10676, 2014 WL 6234529 (11th Cir. November 14, 2014) ("*Spencer* II").

The decision in *Spencer* I found that a "defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal can use a timely-filed first motion under 28 U.S.C. § 2255 to pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." *Id*. at 1080. As a result, the appellate court vacated the district court's denial of his section 2255 motion and remanded for resentencing. However, in the *Spencer* II decision, the appellate court held that the defendant could not collaterally attack his sentence based on a misapplication of the advisory guidelines. Consequently, the appellate court affirmed the denial of the section 2255 motion.

As such, the decision in *Spencer* I does not support Petitioner's argument.[4] Moreover, Petitioner has not pointed to any intervening case from the Supreme Court

---

[4] Further, *Spencer I* decision did not open the door for section 2255 relief, as in that case the Eleventh Circuit Court of Appeals considered a "*timely* filed first motion under 28 U.S.C. § 2255." *Id*. at 1080 (emphasis added). The appellate court held that in such instance, "a defendant who unsuccessfully raised a career offender issue at both sentencing and on direct appeal" may "pursue the same issue when an intervening case from the Supreme Court validates his argument and applies retroactively." *Id*. The instant motion, although Petitioner's first section 2255 motion, was not timely filed as in *Spencer* I.

4

or the Eleventh Circuit Court of Appeals that has invalidated the drug trafficking convictions that form the basis of his career offender designation.

Petitioner also mentions *Alleyne v. United States*, 133 S. Ct. 2151 (2013) and *Begay v. United States*, 533 U.S. 137 (2008), as other cases that should extend the one-year period of limitation. However, the Eleventh Circuit Court of Appeals held that "*Alleyne*'s rule does not apply retroactively on collateral review." *Chester v. Warden*, 552 F. App'x 887, 891 (11th Cir. 2014).

Although the *Begay* decision recognized a new retroactive right, *see Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277 (11th Cir. 2013), Petitioner did not file his section 2255 motion within one year of the date the Supreme Court recognized that new right. *Begay* was decided in 2008, which would still make the current motion untimely. *See* 28 U.S.C. § 2255(f)(3).

Because Petitioner does not identify any other basis for the Court to conclude his section 2255 motion was untimely, the Court finds that his section 2255 motion is untimely and must be denied.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Carl Johnson (Doc. No. 7) is **DENIED**.

2. This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.  A copy of this Order and the judgment shall also be filed in criminal case number 6:05-cr-114-Orl-31KRS.

4.     The Clerk of the Court is directed to terminate the § 2255 motion (Criminal Case Doc. No. 81) filed in criminal case number 6:05-cr-114-Orl-31KRS.

5.     This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 1st day of December, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[5]Pursuant to Rule 11 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 12/1
Carl Johnson
Counsel of Record